# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-18-00159-CV

**Trent Alvon Smith, Appellant**

**v.**

**Gary Wright, Virginia Schafer, Jennifer Hamilton, Pam Pace, and
Texas Department of Criminal Justice Health Services Division, Appellees**

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-001759, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated April 10, 2018, and we substitute the following opinion and judgment in their place. We deny the motion for rehearing.

On April 10, 2018, this Court dismissed appellant Trent Alvon Smith's appeal for want of jurisdiction because we concluded that his notice of appeal had been untimely filed. *See Smith v. Wright*, No. 03-18-00159-CV, 2018 WL 1734610 (Tex. App.—Austin Apr. 10, 2018, no pet. h.) (mem. op.). In that opinion, we explained that although Smith had timely filed a request for findings of fact and conclusions of law after the trial court signed the judgment he sought to appeal, his notice of appeal had been filed long after the extended deadline. *See id.*

At the time the Court issued its opinion, Smith had not responded to the letter from the Clerk of this Court informing him that the Court appeared to lack jurisdiction over the appeal because his notice of appeal appeared untimely. After we issued our opinion, however, Smith filed a motion for rehearing. In the motion, he explained that after he filed his request for findings of fact and conclusions of law, the trial court informed him by October 23, 2017 letter that his request was not ripe because there had been no final judgment because the two September 21, 2017 orders dismissing some of the defendants did not dispose of one remaining defendant. In January 2017, Smith attempted to file an amended petition in the case, but the trial-court clerk's office informed him by letter that the clerk's office could not process his enclosed filing because his case was closed on September 21.

Our examination of the record confirms that the trial court correctly informed Smith that the remaining defendant, David Langston, DDS has not been served, has not appeared, has not moved for dismissal, and was not dismissed in the trial court's orders of dismissal. In addition, we note that there is language in the two orders stating that the order "will operate as a FINAL JUDGMENT against this defendant," which has been crossed out. It further appears that the trial-court clerk's office does not have the remaining defendant Langston listed as a party in its listing of parties. There is nothing in the clerk's record or on the trial court's docket subsequent to the trial court's correspondence with Smith indicating that Langston was ever dismissed from the case or that any final judgment was signed.

We have no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* Tex. Civ.

Prac. & Rem. Code § 51.012, .014(a).  Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed for Want of Jurisdiction on Motion for Rehearing

Filed:   June 29, 2018